UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
WILLIAM A. TEITELBAUM,

                        Plaintiff,                              <u>ORDER</u>

   -against-                                                          CV 07-3971 (LDW) (ETB)

LAY SIOK LIN, PLATINUM TOO LLC,
BRUCE MABEY,

                        Defendants.
--------------------------------------------------------------------------X
LAY SIOK LIN,

                        Plaintiff on the Counterclaim
                        and Crossclaim,

   -against-

WILLIAM A. TEITELBAUM,

                        Defendant on the Counterclaim,

   and

PLATINUM TOO LLC, BRUCE MABEY,

                        Defendants on the Crossclaims.
--------------------------------------------------------------------------X

      For the reasons stated on the record at the conference held before the Court on November 1, 2011 and the agreement of the parties, the judgment debtor, William A. Teitelbaum, is directed to comply with all outstanding document demands by the judgment creditors on or before November 30, 2011.  Mr. Teitelbaum is directed to appear at a deposition on December 8, 2011 at the address below in Garden City, New York.  <u>See</u> N.Y. C.P.L.R. §5224.

      The Court modifies the subpoena for records served on Michelle Teitelbaum, the non-

party spouse of the judgment debtor, from Seattle, Washington to the Garden City offices of local counsel, Larry Hutcher, with respect to the place for production of records (200 Garden City Plaza, Garden City, New York). Production shall be made on or before November 30, 2011.

The motion to quash by the non-party spouse is otherwise denied. The judgment creditor has demonstrated an adequate relationship between the judgment debtor and the non-party spouse, Michelle Teitelbaum. The judgment creditors have presented sufficient facts to support the alter ego theory relating to the transfer of substantial assets from the judgment debtor to a trust maintained in the judgment debtor's name to a trust in the name of the non-party spouse, Michelle Teitelbaum, in which the judgment debtor is a trustee. See James Wm. Moore et al., Moore's Federal Practice, ¶ 69.04 (3d ed. 2011); see also Fed. R. Civ. P. 69; see also N.Y. C.P.L.R. §§ 5222-23. The judgment creditors are entitled to the disclosure in order to determine whether the judgment debtor has concealed assets to defraud the judgment creditors - or has unlawfully transferred assets to prevent collection on the underlying judgment. See Technology Multi Sources, S.A. v. Stack Global Holdings, Inc., 845 N.Y.S.2d 357 (2d Dep't 2007). Accordingly, the motion to quash all subpoenae to various entities relating to accounts maintained by Michelle Teitelbaum is denied.

**SO ORDERED:**

Dated: Central Islip, New York
       November 2, 2011

                                            /s/ E. Thomas Boyle
                                            E. THOMAS BOYLE
                                            United States Magistrate Judge